IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOSE ENRIQUE MENDIOLA                                               PETITIONER

VS.                             CASE NO. 5:09CV00226 BSM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                   RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Jose Enrique Mendiola, an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Mendiola was found guilty of two counts of kidnapping (class B felony), three counts of aggravated robbery, and one count of kidnapping (class Y felony) following a 2004 jury trial in the Circuit Court of Pulaski County. Mr. Mendiola was sentenced to five terms of ten years, and one term of fifteen years, all to be served consecutively. On direct appeal, Mr. Mendiola argued that the trial court erred by failing to instruct the jury regarding the concurrent or consecutive serving of multiple sentences. The direct appeal was unsuccessful. *Mendiola v. Norris*, 92 Ark. App. 359 (2005). The petitioner subsequently sought Rule 37 relief with the trial court, alleging three instances of ineffective assistance of counsel as his grounds for relief. Following a hearing, relief was denied and an appeal followed. The Arkansas Supreme Court found that only two claims of ineffective assistance of counsel were advanced on appeal. Finding no merit in either ground, the appellate court affirmed the lower state court. *Mendiola v. State*, 2009 WL 102733 (January 15, 2009) (Ark.).

Mr. Mendiola now advances the following grounds for relief:

1. Ineffective assistance of counsel due to trial counsel's failure to proffer proper jury instructions;

2. Ineffective assistance of counsel due to trial counsel's failure to object to an amendment

of the felony information; and

3. Ineffective assistance of counsel due to trial counsel's failure to object to improper voir dire.

The respondent contends that grounds two and three are without merit, and that ground one should be dismissed as procedurally barred due to the petitioner's failure to adequately pursue this claim in state court. Specifically, the respondent urges that the petitioner abandoned ground one in state court by failing to litigate this claim on appeal of his Rule 37 petition. Mr. Mendiola has responded to the pleadings of the respondent. We first consider whether claim one is properly before this Court, and will then address the merits of Mr. Mendiola's petition.

In *Wainwright v. Sykes,* 433 U.S. 72 (1977), the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one

extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Here, the respondent concedes that ground one was raised in the petitioner's Rule 37 pleading with the trial court. The respondent cites the Arkansas Supreme Court's decision on appeal as support for the assertion that ground one was not raised on appeal. In a footnote, the Arkansas Supreme Court observed that "[t]he original petitioner contained three bases for ineffective assistance of counsel. The third argument regarding jury instructions is not shown as a point on appeal. Claims raised below but not argued on appeal are considered abandoned." Docket entry no. 8-6, page 2.   The petitioner offers no reason to dispute the Arkansas Supreme Court's pronouncement that ground one was abandoned on appeal. A petitioner must raise his claims at each step of the state judicial process in order to fully advance the claims and avoid procedural default. The petitioner failed to present ground one at the state appellate level, depriving the state court of a chance to rule on the claims. *Gilmore v. Armontrout*, 861 F.2d 1061 (8th Cir. 1988); *Stokes v. Armontrout*, 851 F.2d 1085 (8th Cir. 1988). We find ground one was not adequately presented in state court, and further find that the petitioner offers no cause for this procedural failure. Even if we were to presume that cause for the failure to raise the claim exists, we find no prejudice associated with this claim.  The trial court addressed this issue, concluding that "[t]he jury instruction associated with each count delineated the count and the victim. . . The verdict was consistent with the testimony at trial and belies the defendant's assertion that the jury was confused. This is a bare allegation with no substantiation in fact." Docket entry no. 8-4, page 28. The petitioner simply disagrees with the trial court, but offers no legal or factual basis to discredit the ruling[1].  We recommend that ground one be dismissed as procedurally barred.  In the alternative, we also

---

[1] At the Rule 37 hearing, Mr. Mendiola's trial counsel was briefly asked about the jury instructions. No testimony was elicited from any witness (Mendiola's attorney was the sole witness) that the petitioner's trial attorney erred with regard to the jury instructions, or in any other manner. Docket entry no. 8-4, pages 36-37.

recommend the ground is without merit.

For his second claim, Mr. Mendiola states he received ineffective assistance of counsel due to trial attorney's failure to object to an amendment of the felony information. This claim was considered by the trial court and the Arkansas Supreme Court in the Rule 37 proceeding. The trial court ruled as follows:

> The record reflects that immediately after the jury was selected the Court adjourned for a ten minute recess and the jury was excused. The defendant, counsel for the defendant and State retired to Chambers. The State moved to orally amend the felony information regarding count four, kidnapping of Maurice Freeman, and count six, kidnapping of Raymond Smith. Prior to the amendment the felony information in both counts reflected the language of ACA 5-11-102(a)(4), to wit: with the purpose of inflicting physical injury upon him. The State moved to amend the information to reflect the language of ACA 5-11-102(a)(5) to wit: with the purpose of terrorizing him or another person. The amendment did not change the nature or degree of the crime charged. The State is entitled to amend the felony information, including amending to conform to the proof, when the amendment does not change the nature or degree of the crime charged, and the defendant is not prejudiced by unfair surprise. *Lovett v. State*, 330 Ark. 33, 952 S.W.2d 644 (1997). Had the defendant's trial counsel objected to the amendment, it would have been overruled. The defendant was not unfairly prejudiced by the amendment of the felony information.

Docket entry no. 8-4, pages 27-28.

The Arkansas Supreme Court concurred with the reasoning and result of the trial court, concluding that "trial counsel was not ineffective for failing to raise an argument without merit." Docket entry no. 8-6, page 4.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our

> clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Here, the Arkansas Supreme Court cites the appropriate federal law, *Strickland v. Washington*, 466 U.S. 668 (1984), in the Rule 37 decision. We find no error in the law cited, nor in its application to the facts. The state court's ruling was correct. It follows that this ruling was not based on an unreasonable determination of the facts in light of the evidence adduced in state court. Ground two should be dismissed as meritless.

The final claim of Mr. Mendiola is that he received ineffective assistance of counsel due to trial counsel's failure to object to improper voir dire. The trial court considered this claim:

> The record reflects that the prosecutor stated, "what the law tells you is anybody who aids, assists, helps, plans, et cetera, to have a crime committed, they're just as responsible whether their guilty or not as the main person that did it." The defendant maintains that trial counsel should have objected because it was not an accurate statement of the law. The defendant cited Arkansas Code Annotated 5-2-406 as support for his contention. ACA 5-2-406 addressed differing degrees of liability dependent upon the attendant culpable mental state of the actor; however, it was not applicable in the trial at issue. The record reflects that the defendant was the principal and directly participated in the crimes charged. Had trial counsel objected, it would have been overruled. The defendant was not unfairly prejudiced by his counsel failing to object to the prosecutor's statements regarding accomplice liability during voir dire.

Docket entry no. 8-4, pages 26-27.

The Arkansas Supreme Court held that petitioner failed "to demonstrate how the prosecutor's definition of accomplice liability was an incorrect statement of the law" and found that "counsel cannot be ineffective for failing to make an argument that is meritless, either at trial or on appeal." Docket entry no. 8-6, page 3.

As previously noted, the task for the petitioner when the state courts have addressed his claim is to show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's

decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). Mr. Mendiola falls far short of carrying his burden. The state courts applied the proper federal law, embodied in *Strickland, supra*, and did not unreasonably determine the facts in light of the evidence presented in state court. The third claim of Mr. Mendiola should be dismissed as without merit.

In summary, we recommend the petition for writ of habeas corpus be dismissed, and the relief requested be denied, for the reasons stated herein. A review of the trial transcript shows that Mr. Mendiola's counsel was faced with a difficult task, as all three victims of the crimes testified that the petitioner masterminded the crimes. Their testimony was corroborated by physical evidence found at Art's Liquor Store, the place where the crimes originated. In addition, the liquor store was under FBI surveillance. As a result, videotapes corroborated the testimony of the victims. The alleged attorney errors cited by the petitioner were not unreasonable actions taken by the trial attorney. Even if we were to assume some unreasonable behavior by Mr. Mendiola's trial counsel, no prejudice befell the petitioner as the result of the trial would not have changed regardless of different strategies and decisions of the attorney.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __1__ day of September, 2011.

                                                              UNITED STATES MAGISTRATE JUDGE